CAC/PSA 3
(Rev. 11/17)

GOVERNMENT EXHIBIT

A

# PRETRIAL SERVICES REPORT

# CENTRAL DISTRICT OF CALIFORNIA

| District Office | Charge(s), Title, Section, Description |
|---|---|
| Los Angeles | 21 USC § 846: Conspiracy to Distribute Methamphetamine |
| **Judicial Officer** | |
| The Honorable Patricia Donahue | 18 USC § 1956 (a) (1) (A) (i) and 1956(h): Conspiracy to Commit Money Laundering |
| **Docket Number** | |
| 2:22-MJ-04781-DUTY | |

| Time | Date | |
|---|---|---|
| 1:00 PM | December 7, 2022 | Out of District: Southern District of Indiana<br>Docket Number: 4:18-CR-00010-SEB-VTW-06 |

| Pretrial Services Officer | |
|---|---|
| Nicholas Walker        (909) 383-5521 | |

## DEFENDANT HISTORY

| Name | Employment/School |
|---|---|
| Julian Alonzo Perez | Grounds Keeper (See Report)/ Car Sales |
| **Address** | **Address** |
| 9136 Butternut Ave.,<br>Bakersfield, California 93306 | Bakersfield, California |

| Time at Address | Time in Community | Monthly Gross Income | Time in Employ/School |
|---|---|---|---|
| Since 1 year | Since 3 years | $2K | Since 3 years |

*FOR COURTROOM USE ONLY - RETURN TO PRETRIAL SERVICES AT CLOSE OF HEARING PROPERTY OF UNITED STATES DISTRICT COURT MUST NOT BE TAKEN FROM COURTROOM OR PHOTOCOPIED TITLE 18 U.S.C. 3153(c)(1); (2)*

**Pretrial Services Report for The Honorable Patricia Donahue**

**Re: Julian Perez**

The present matter emanates from the Southern District of Indiana. The warrant was issued in New Albany, Indiana on December 10, 2021. The issue of bail is not addressed in the warrant.

The defendant interviewed with Pretrial Services providing the following information. He identified retained counsel, Mark Bledstein as a contact for potential sureties. On this date, Mr. Bledstein identified Juan Jose Duenas Figueroa as a contact for background verification.

The following information was partially verified by the defendant's friend/barber, Juan Jose Duenas Figueroa, unless otherwise noted.

**Defendant History / Family Ties**: The defendant was born on January 13, 1985, in Michoacán, Mexico. He has never met his father and he does not have contact with his mother, Maria who resides in Washington. He has three brothers and three sisters who reside in Washington; however, he does not have contact with his siblings.

This information was minimally verified by Mr. Figueroa who has known the defendant for 2-3 years. He could not verify the defendant's parent's and sibling's names. He believes the defendant is 39 years old and could not recall his date of birth.

**Residence**: For the last year, the defendant has resided at the face sheet address. He shares this three-bedroom home with his two daughters (ages 18 and 17). If released, he can return to this residence where there were no reports of firearms. He has lived in Bakersfield for three years. Prior to this, he was a longtime resident of Washington. He reported relocating due to family concerns.

This information was partially verified by Mr. Figueroa who could not verify the defendant's address; however, verified he lives in Bakersfield, CA. He believes the defendant lives with his two daughters and wife.

**Education/ Military**: He earned his high school diploma in Washington five years ago. He has never served in the military. He is fluent in English and Spanish.

This information was partially verified by Mr. Figueroa who believes the defendant may not have graduated from high school.

**Pretrial Services Report for The Honorable Patricia Donahue**

**Re: Julian Perez**

**Marital**: His wife passed in 2013. This marriage produced his two children (ages 18 and 17) who reside with him at the face sheet address.

This information was partially verified by Mr. Figueroa who believes he met the defendant's wife two years ago; however, he could not recall her name and how long they have been married.

**Citizenship/Foreign Travel**: He is a citizen of Mexico and he presently working on obtaining his legal permanent residency (LPR). He arrived in the United States around 1986 residing in Washington for 36 years and Bakersfield for three years. He does not possess a passport and has not traveled internationally since his arrival in the U.S.

This information was partially verified by Mr. Figueroa who could not verify if the defendant ever possessed a passport. He could not verify when the defendant arrived in the United States.

**Bail Resources**: Pretrial Services contacted retained counsel who identified five bail resources.

Pretrial Services contacted friend/barber, Juan Jose Duanas Figueroa is a United States citizen who is employed as a full-time barber and part-time worker at Ross both located in Bakersfield, California. For the last five years, he as worked as a barber at Fat Boys Barber where he earns $50K annually. One week ago, he began second employment at Ross as a HP Marking worker (price tagging merchandise). He earns $18 per hour. Mr. Figueroa was explained the liabilities and responsibilities of being a bail resource and is willing to assist the defendant with an Appearance Bond for whatever amount possible.

Pretrial Services contacted neighbor, Michael Thurman who advised that he would need to speak with his wife first before he provides a definite answer regarding bail resources. He advised that he believes the defendant is a nice guy who is a good father. He reported that they have sold cars with the defendant in the past. He has known the defendant for a year. He ultimately advised that he has been unemployed for the past 2 years with no income.

Pretrial Services attempted to contact Thomas Steirer; however, there was no answer and a voicemail was not set. Prior to submission of this report, he returned a phone call. He reported that he is a friend of the defendant who has worked with.  He is a United States citizen who has been employed full-time with the State of California (for one month) as a Cal-Fire inspector earning $3,500 monthly. The Bakersfield resident was explained the liabilities and responsibilities of being a bail resource and is willing to assist the defendant with a $3,500 Appearance Bond.

**Pretrial Services Report for The Honorable Patricia Donahue**

**Re: Julian Perez**

Pretrial Services attempted to contact Maria Elena Villareal; however, there was no answer and the voicemail was full. As of submission of this report, a return phone call was not received.

Pretrial Services contacted Bishop, Julian Romero who advised that he knows the defendant through church. He advised that the defendant and his family come to the church; however, they are not members. He declined to assist with bail resources.

**Employment History**: For the past three years, he has performed tasks for a local church (Latter-Day Saints) in Bakersfield, which include caring for the property. He reported that if released, he can return to this employment.

Further, he buys and sales cars (occasionally). Prior to this, he worked in Washington as a tractor driver.

This information was partially verified by Mr. Figueroa.

**Financial Statement**: He earns approximately $2K monthly. He pays $1,500 monthly for rent and approximately $600 monthly for utilities and groceries. He drives a 1990 Honda Accord, which belongs to his neighbor. He pays $100 monthly for his cell-phone.

This information was minimally verified by Mr. Figueroa who believes the defendant pays $1,300 monthly for rent. He could not verify his monthly income, assets, or monthly expenses. He believes he has seen the defendant drive a late model Chevy Tahoe and white Mazda.

**Health**: The defendant was diagnosed with Myocarditis 13 years ago. He takes three medications to address his heart concerns. He has a history of extreme anxiety and panic attacks. He last had a panic attack 15 days ago resulting in an emergency room visit. He reported 20 panic attacks a year. He did not report of any other hospitalizations. He did not report of thoughts of suicide or a history of thoughts.

He consumes alcohol socially at events and last drank a month ago. There were no reports of other substance use history. Around 2013, he attended AA meetings for 5 years in Washington. He declined substance treatment.

This information was partially verified by Mr. Figueroa who believes the defendant suffers from a heart conditions resulting in medication. He could not verify mental health concerns. He reported the defendant

**Pretrial Services Report for The Honorable Patricia Donahue**

**Re: Julian Perez**

has never drank alcohol around him. He did not report of substance use history.

**Prior Record**: A criminal background records check with the Federal Bureau of Investigation, the California Bureau of Criminal Identification and Information, and the National Crime and Information Center, under the given name, date of birth, and variations revealed the following criminal history:

### Convictions

| Arrest/Offense Date | Arrest Location | Charge, Class, Disposition and Date |
|---|---|---|
| 2005-09-25 | WASHINGTON | COUNT 1: NEGLIGENT DRIVING-1<br>DISPO: GUILTY<br>DISPO DATE-- 2005-12-07<br>**MISDEMEANOR** |
| 2011-01-14 | WASHINGTON | COUNT 1: RECKLESS DRIVING<br>DISPO: GUILTY<br>DISPO DATE-- 2011-05-06<br>**MISDEMEANOR** |

### Charges – Juvenile/Dismissed/No Disposition/Other

| Arrest/Offense Date | Arrest Location | Charge, Class, Disposition and Date |
|---|---|---|
| 2022-12-07 | CALIFORNIA | COUNT 1: 3599 - DANGEROUS DRUGS - 21 USC 846<br>DISPO: NO DISPO<br><br>COUNT 2: 3599 - DANGEROUS DRUGS - 18 USC 1956A1AI<br>DISPO: NO DISPO |

**DMV History**: A record check did not reflect a record on file.

**Wants and Warrants**: None, with exception of this matter.

**Alleged Offense Conduct**: The defendant is charged with Conspiracy to distribute methamphetamine along with conspiracy to commit money laundering.

On this date, Pretrial Services was contacted by the Southern District of Indiana Assistant United States Attorney (AUSA), Lauren Wheatley who advised that in July 2022, the defendant fled from FBI agents while in Washington and avoided apprehension. AUSA Wheatly further advised that she was contacted

**Pretrial Services Report for The Honorable Patricia Donahue**

**Re: Julian Perez**

by the defendant's retained counsel who knows about the warrant. She added that she advised counsel that if the defendant did not surrender within a week then agents will attempt to arrest him again. She believes the defendant self-surrendered after being advised by counsel. The Government added that the defendant does not have ties to SD-Indiana. The Government alleges that the defendant sold over 100lbs of methamphetamine and is involved in money laundering.

**Assessment of Risk of Nonappearance:**

    **Factors that Indicate Risk of Nonappearance**
- Background partially verified
- Citizen of Mexico only
- Instant allegations

    **Factors that Offset Risk of Nonappearance**
- No passport
- Willing sureties

**Assessment of Danger:**

    **Factors that Indicate Danger to the Community**
- Instant allegations
- No felony convictions
- No reported substance use

    **Factors that Offset Danger to the Community**
- Declined treatment

**Summary / Comments**: The defendant is a citizen of Mexico only with no reported history of possessing a passport. His background was partially verified, and he has willing sureties. Pretrial Services appreciates the proposed five sureties; however, it appears he has limited ties to them. Further, the instant allegations of evading are a concern.

Pretrial Services believes the allegations are a concern along with his criminal history; however, his criminal history does not reflect a felony and there were no reports of substance use.

**Pretrial Services Report for The Honorable Patricia Donahue**

**Re: Julian Perez**

Based on the above assessment, Pretrial Services believes there are no conditions or combination of conditions to mitigate risk of nonappearance. Therefore, Pretrial Services recommends detention.

NW/jaj

**Pretrial Services Report for the Honorable** Patricia Donahue

**Re:** Julian Perez

## Recommendation

| ☐ Set bail as indicated below | ☐ Change/modify as indicated | ☐ Remain as previously set |
|---|---|---|
| ☐ No recommendation | ☐ Temporary detention §3142(d) | ☒ Detention §3142(e) |

## Type of Bond

1. ☐ Personal Recognizance
2. ☐ Unsecured Appearance Bond $_____
3. ☐ Appearance Bond $_____
   (a) ☐ Cash Deposit $_____
   (b) ☐ Affidavit of Surety Without Justification [CR-4] Signed by:

(c) ☐ Affidavit With Justification of Surety [CR-3] Signed by:

☐ With Full Deeding of Property

4. ☐ Collateral Bond in the Amount of (Cash or Negotiable Securities) $_____
5. ☐ Corporate Surety Bond in the Amount of $_____

☐ Forthwith Release with Bond to be Posted by:_____

## Conditions of Release

*In addition to the General Conditions of Release:*

☐ No U.S. Probation and Pretrial Services supervision

1. ☐ Submit to United States Probation and Pretrial Services supervision as directed by Supervising Agency.

2. ☐ Surrender all passports and travel documents to Supervising Agency no later than_____, sign a Declaration re Passport and Other Travel Documents (*Form CR-37*), and do not apply for a passport or other travel document during the pendency of this case.

3. ☐ Travel is restricted to_____ unless prior permission is granted by Supervising Agency to travel to a specific other location. Court permission is required for international travel as well as for any domestic travel if the defendant is in a Location Monitoring Program or as otherwise provided for below.

4. ☐ Reside as approved by Supervising Agency and do not relocate without prior permission from Supervising Agency.

5. ☐ Maintain or actively seek employment unless excused by Supervising Agency for schooling, training, or other reasons approved by Supervising Agency. Verification to be provided to Supervising Agency. ☐ Employment to be approved by Supervising Agency.

6. ☐ Avoid all contact, directly or indirectly (including by any electronic means), with any known victim or witness in the subject investigation or prosecution, ☐ including but not limited to _____;
   ☐ except for _____.

7. ☐ Avoid all contact, directly or indirectly (including by any electronic means), with any known codefendants except in the presence of counsel. Notwithstanding this provision, you may have contact with the following codefendants without your counsel present:
   _____

Re:

Conditions of Release (continued from previous page)

8. ☐ Do not possess any firearms, ammunition, destructive devices, or other dangerous weapon. ☐ Surrender any such item as directed by Supervising Agency by_____ and provide proof to Supervising Agency. ☐ In order to determine compliance, you agree to submit to a search of your person and property by Supervising Agency, which may be in conjunction with law enforcement.

9. ☐ Do not use or possess any identification, mail matter, access device (including, but not limited to, credit and debit cards), or any identification-related material other than in your own legal or true name without prior permission from Supervising Agency.
☐ In order to determine compliance, you agree submit to a search of your person and property by Supervising Agency, which may be in conjunction with law enforcement.

10. ☐ Do not engage in telemarketing.

11. ☐ Do not sell, transfer, or give away any asset valued at $_____ or more without notifying and obtaining permission from the Court, except_____.

12. ☐ Do not engage in tax preparation for others.

13. ☐ Do not use alcohol. ☐ Submit to alcohol testing. If directed to do so, participate in outpatient treatment as approved by Supervising Agency. Testing may include any form of prohibited-substance screening or testing. You must pay all or part of the costs for testing based upon your ability to pay as determined by Supervising Agency.

14. ☐ Do not use or possess illegal drugs or state-authorized marijuana. ☐ Submit to drug testing. Testing may include any form of prohibited-substance screening or testing. You must pay all or part of the costs for testing based upon your ability to pay as determined by Supervising Agency. If directed to do so, participate in outpatient treatment as approved by Supervising Agency.

☐ In order to determine compliance, you agree to submit to a search of your person and property by Supervising Agency, which may be in conjunction with law enforcement.

15. ☐ Do not use for purposes of intoxication any controlled substance analogue as defined by federal law or any street, synthetic, or designer psychoactive substance capable of impairing mental or physical functioning more than minimally, except as prescribed by a medical doctor.

16. ☐ Participate in residential substance abuse treatment as directed by Supervising Agency. You must pay all or part of the costs of treatment based upon your ability to pay as determined by Supervising Agency. ☐ **Release to Supervising Agency only**.

17. ☐ Participate in mental health treatment, which may include evaluation, counseling, or treatment as directed by Supervising Agency. You must pay all or part of the costs based upon your ability to pay as determined by Supervising Agency.

18. ☐ Participate in the Location Monitoring Program marked below and abide by all of the requirements of the program and any indicated restrictions, under the direction of the Supervising Agency. You must pay all or part of the costs of the program based upon your ability to pay as determined by the Supervising Agency. You are financially responsible for any lost or damaged equipment.

    a. **Location Monitoring Restrictions (Select One)**

       ☐ **Location Monitoring only - no residential restrictions**
       ☐ **Curfew**: Curfew requires you to remain at home during set time periods. **(Select One)**
           ☐ As directed by Supervising Agency; **or**
           ☐ You are restricted to your residence every day from_____ to _____

       ☐ **Home Detention**: Home detention requires you to remain at home at all times except for employment, education, religious services, medical needs or treatment, attorney visits, court appearances and obligations, essential needs, and _____, all of which must be preapproved by the Supervising Agency.

       ☐ **Home Incarceration:** Home Incarceration requires you to be at home 24 hours a day except for medical needs or treatment, attorney visits, court appearances or obligations, and _____, all of which must be preapproved by Supervising Agency.

Re:

Conditions of Release (continued from previous page)

    b. **Location Monitoring Technology (Select One)**
- ☐ Location Monitoring technology at the discretion of the Supervising Agency. (If checked, skip to c)
- ☐ Location Monitoring with an ankle monitor (Select one below)
  - ☐ at the discretion of the Supervising Agency or
  - ☐ Radio Frequency (RF) **or**
  - ☐ Global Positioning System (GPS)

    **or**

- ☐ Location Monitoring **without** an ankle monitor (Select one below)
  - ☐ at the discretion of the Supervising Agency **or**
  - ☐ Virtual/Biometric (smartphone required to participate) **or**
  - ☐ Voice Recognition (landline required to participate)

    c. **Location Monitoring Release Instructions (Select One)**
- ☐ Release to Supervising Agency only **or** ☐ Enroll in the location monitoring program within 24 hours of release.

19. ☐ You are placed in the third-party custody (*Form CR-31*) of _____.

20. ☐ Clear outstanding ☐ warrants or ☐ DMV and traffic violations and provide proof to Supervising Agency within ___ days of release from custody.

21. ☐ Possess and use only those digital devices, screen usernames, email accounts, social media accounts, messaging applications and cloud storage accounts, as well as any passwords or passcodes for all such digital devices and accounts, that you disclosed to Supervising Agency upon commencement of supervision. You must disclose any new devices, accounts, application, passwords, or passcodes to Supervising Agency prior to the first use. A digital device is any electronic system or device that can access, view, obtain, store, or transmit digital data. ☐ In order to determine compliance, you agree to submit to a search of your person and property, including digital devices, by Supervising Agency, which may be in conjunction with law enforcement.

22. ☐ All digital devices will be subject to monitoring by Supervising Agency. You must comply with the rules and regulations of the of the Computer Monitoring Program and must pay the cost of the Computer Monitoring Program.

23. ☐ Do not use or possess more than one virtual currency wallet/account, and that one wallet/account must be used for all virtual currency transactions. Do not obtain or open a virtual currency wallet/account without prior approval of Supervising Agency. You must disclose all virtual currency wallets/accounts to Supervising Agency when supervision starts and must make them available to Supervising Agency upon request. You may use or possess only open public blockchain virtual currencies and are prohibited from using private blockchain virtual currencies unless prior approval is obtained from Supervising Agency. ☐ In order to determine compliance, you agree to submit to a search of your person and property, including computer hardware and software, which may be in conjunction with law enforcement.

**Cases Involving a Sex-Offense Allegation**

24. ☐ Possess and use only those digital devices, screen usernames, email accounts, social media accounts, messaging applications and cloud storage accounts, as well as any passwords or passcodes for all such digital devices and accounts, that you disclosed to Supervising Agency upon commencement of supervision. You must disclose any new devices, accounts, application, passwords, or passcodes to Supervising Agency prior to the first use. A digital device is any electronic system or device that can access, view, obtain, store, or transmit visual depictions of sexually explicit conduct involving children. ☐ In order to determine compliance, you agree to submit to a search of your person and property, including digital devices, by Supervising Agency, which may be in conjunction with law enforcement.

25. ☐ All digital devices will be subject to monitoring by Supervising Agency. You must comply with the rules and regulations of the of the Computer Monitoring Program and must pay the cost of the Computer Monitoring Program.

26. ☐ Do not associate or have verbal, written, telephonic, electronic, or any other communication with any person under the age of 18 except in the presence of the parent or legal guardian of the minor after you have notified the parent or legal guardian of the pending charges or convictions involving a sex offense and only as authorized by Supervising Agency

Re:

Conditions of Release (continued from previous page)

27. ☐ Do not enter or loiter within 100 feet of schoolyards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, amusement and theme parks, or other places frequented by persons under the age of 18 and only as authorized to do so by Supervising Agency.

28. ☐ Do not be employed by, affiliated with, own, control, or otherwise participate directly or indirectly in the operation of any daycare facility, school, or other organization dealing with the care, custody, or control of children under the age of 18.

29. ☐ Do not view or possess child pornography or child erotica, including but not limited to pictures, photographs, books, writings, drawings, or videos depicting or describing child pornography. ☐ In order to determine compliance, you agree to submit to a search of your person and property, including computer hardware and software, by Supervising Agency, which may be in conjunction with law enforcement.

30. ☐ Other conditions:

**Submitted by Officer:** Nicholas Walker  
Digitally signed by Nicholas Walker  
Date: 2022.12.07 15:08:54 -08'00'  
**Telephone:** 909-383-5521

**Approved by Supervisor:** Joey Aguayo Johnson  
Digitally signed by Joey Aguayo Johnson  
Date: 2022.12.07 15:20:07 -08'00'  
**Telephone:** 213-894-5379

PTS07 (Revised 11/30/2022)